*15*

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

United States District Court
Southern District of Texas
FILED

NOV 1 2 .2002

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| VENTURA CERDA AND | § | |
| CELIA CERDA | § | |
| | § | |
| VS. | § | CIVIL ACTION NUMBER M-02-118 |
| | § | |
| HARTFORD LLOYD'S | § | |
| INSURANCE COMPANY | § | |

## DEFENDANT HARTFORD LLOYDS INSURANCE COMPANY'S MOTION TO EXCLUDE PLAINTIFFS VENTURA CERDA AND CELIA CERDA'S EXPERT WITNESS MIKE KRISMER

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES DEFENDANT, Hartford Lloyds Insurance Company and makes this it's Motion to Exclude Plaintiffs Ventura Cerda and Celia Cerda's previously designated expert witness, Mike Krismer, and for such would show unto the Court as follows:

I.

This Motion is brought before the Court under FEDERAL RULES OF CIVIL PROCEDURE 16(c)(4).

II.

On September 5, 2002, this Court entered it's "SCHEDULING ORDER". Paragraph 1 of which states as follows:

> "November 1, 2002 - All Discovery must be completed by this date . No Motion for extension of time will be granted unless there is a showing of express need and that good cause exists". (See Exhibit "A" attached hereto)

---

"October 2, 2002 - Motions for Extension of Time to complete discovery must be filed by this date."  (See Exhibit "A" attached hereto)

### III.

FEDERAL RULES OF CIVIL PROCEDURE 26a(2)(A) requires that:

"In addition to the disclosures required by paragraph (1), a party **shall disclose** to other parties the identity of any person who may be used at trial to present evidence under rule 702, 703, or 705 of the FEDERAL RULES OF EVIDENCE.

### IV.

FEDERAL RULES OF CIVIL PROCEDURE 26(a)(2)(B) requires that the disclosure

referred to above:

"**Shall**, with respect to a witness who is retained or specially employed to provide expert testimony in the case or whose duties an employee of the party regularly involved giving expert testimony, **be accompanied by a written report prepared and signed by the witness**.  The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefore; the data or other information considered by the witness informing the opinion; any exhibits to be used as a summary of or support for the opinion; the qualifications of the witness, including a list of all publications authored by the witness, within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witnesses testified as an expert at trial or by deposition within the preceding four years."

Neither Plaintiffs nor Plaintiffs' "expert" has made any effort to comply with any of

the requirements of Federal Rules of Civil Procedure 26(a)(2)(B).

### V.

FEDERAL RULES OF CIVIL PROCEDURE 26(a)(2)(C) requires that:

"these disclosures **shall be made at the times and in the sequence directed by the court,**" or in this case no later than Friday,  November 1, 2002. (See Scheduling Order . . Exhibit "A" attached hereto).

## VI.

Even though the plaintiffs were fully cognizant of this requirement and timely designated expert Mike Krismer as one of their experts, neither Plaintiffs nor Mike Krismer has timely supplied the written reports required both by the Court Scheduling Order and by FEDERAL RULE OF CIVIL PROCEDURE 26(a)(2)(B).

## VII.

Such timely reports were not produced at a reasonable time in order to allow the defendant to properly investigate and/or depose the plaintiffs' so-called expert. Defendant received the required report on November 1, 2002. (See Exhibit "D" attached hereto). By virtue of this Court's Scheduling Order, discovery ended on Friday, November 1, 2002 and this defendant had no timely expert report from Mike Krismer nor did he properly or timely respond to Depositions on Written Questions directed to him, (See Exhibit "B" attached hereto); (3) nor did he appear at his duly noticed and agreed upon deposition scheduled by agreement on October 29, 002 at 10:00 a.m. at the Federal Court Building in McAllen, Texas. (See Exhibit "C" attached hereto). Such "expert" therefore, should be excluded from testifying in this cause on the basis of: (1) plaintiffs' and their expert's apparent willful violation of this Court's Order; (2) violation of FEDERAL RULES OF CIVIL PROCEDURE Rule 26; (3) of a Federal Subpoena for his Deposition on Written Questions; and (4) his inexcusable failure to appear at the agreed to date, time and place for his oral deposition.

## VIII.

Further, Defendant hereby challenges the qualifications of Mike Krismer, plaintiffs' designated expert because he is not qualified and does not possess a higher degree of knowledge, skill, experience, training or education than an ordinary person, and does not have the practical experience and necessary academic training to support any expert opinion of any material relevance in this cause.

## IX.

It is in good faith, believed that the expert designated by the plaintiffs herein above, holds opinions that are not reliable, that is, (1) that the expert's testimony is not based upon sufficient facts or data; (2) the expert's testimony will not be supported by reliable principles and methods and; (3) the expert has not properly applied the correct principles and methods of reliability to the facts of this case.

## X.

*Daubert v Merreill Dow Pharmaceutical Inc.,* 509 US 579, 113 S.Ct. 2786 (1993) set forth several "general observations" or factors for a trial  Court to consider when evaluating or testing the reasoning or methodology underlying the expert's testimony.  Whether the theory or technique underlying the expert's testimony can be or has been tested, implies that an expert has conducted studies or analysis to substantiate their opinion.  No such information has been provided by Plaintiffs.

## XI.

*Daubert* also sets forth as a factor for the trial court to consider the known or potential rate of error of the technique in existence and maintenance of standards controlling the techniques operation.  There has been no timely opinion offered by the plaintiff by their expert, and therefore there is no known technique against which to test the potential rate of error or the maintenance of relevant standards controlling such techniques. (*Daubert*t, 509 US at 594, 113 S.Ct. at 2797).

## XII.

We have no idea whether the plaintiffs' expert's opinion involves theories or techniques that has been subjected to peer review in publication nor whether the experts theory or technique enjoys general acceptance within a relevant scientific or medical community.  Additionally, we have no idea whether the named expert has unjustifiably extrapolated from an accepted premise to an unfound conclusion. . . we have no written opinions or reports from the expert whatsoever and the time to properly supply them has long since past.

## XIII.

Because there are no timely written expert opinions or reports, there is no determination of any kind as to whether his opinions are relevant in any way.  FEDERAL RULES OF EVIDENCE 702 requires that the expert's opinion must assist the trier of fact to understand the evidence or determine the fact at issue. (*Westbury v Gislaved Gummi AB,* 178 Fed.3rd 257, 260 (4th Cir.).  There is no way to judge the relevance of the plaintiffs'

proposed expert testimony since we have no timely supplied opinions and therefore can not determine whether the reasoning or methodology of the expert opinions can be applied properly to the facts in this case.

Defendant therefore, prays the Court exclude the testimony of plaintiffs' previously designated "expert" Mike Krismer and for such other and further relief to which this defendant should show itself entitled.

Respectfully submitted,

F. Edward Barker
State Bar No. 01741000
Federal I.D. No. 970
Attorney-in-Charge for Defendant
Hartford Lloyds Insurance Company
Tower II, Suite 1200
555 N. Carancahua St.
Corpus Christi, Texas 78478
(512) 881-9217; FAX (512) 882-9437

OF COUNSEL:
BARKER, LEON, FANCHER & MATTHYS, L.L.P.

## CERTIFICATE OF SERVICE

I certify that on November ⟨⟩ 2002, a complete and correct copy of the **MOTION TO EXCLUDE PLAINTIFFS' EXPERT WITNESSES MIKE KRISMER** of was served on each party by delivery to the following attorneys of record in the manner indicated below:

**Certified Mail/RRR No. 7002 1000 0005 6854 1667**
Ms. Savannah Robinson
LAW OFFICES OF SAVANNAH ROBINSON
1810 Main Street
Danbury, Texas 77534

**Certified Mail/RRR No. 7002 1000 0005 6854 1636**

Mr. David Garcia
LAW OFFICE OF DAVID GARCIA
101 North 10th Street
Edinburg, Texas 78539

F. Edward Barker

## CERTIFICATE OF CONFERENCE

This will certify that I have conferred with opposing counsel via telephone concerning the above and foregoing Defendant Hartford Lloyd's Insurance Company's Motion to Exclude Plaintiffs Ventura Cerda and Celia Cerda's Expert Witness Mike Krismer; opposing counsel in not in agreement with said Motion to Exclude Expert Witness; and efforts to resolve the dispute without the necessity of court intervention have been attempted and failed.

**Signed** this ____ day of November, 2002,

F. Edward Barker

United States District Court
Southern District of Texas
FILED

SEP 0 5 2002

Michael N. Milby, Clerk of Court

United States District Court
Southern District of Texas
ENTERED

SEP 0 6 2002

Michael N. Milby, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

VENTURA CERDA AND CELIA CERDA     )
                                  )
VS.                               )        CIVIL ACTION NUMBER
                                  )
HARTFORD LLOYD'S INSURANCE        )          M-02-118
COMPANY                           )


RULE 16, F.R.C.P. SCHEDULING ORDER


The following schedule will control the disposition of this case:


1. **NOVEMBER 1, 2002**     **ALL DISCOVERY** must be completed by this date. No motion for extension of time will be granted unless there is a showing of express need and that good cause exists.

2. **OCTOBER 2, 2002**     **MOTIONS** for extension of time to complete discovery must be filed by this date.

3. **NOVEMBER 11, 2002**     **MOTION DEADLINE:** All other motions, including joinder of parties, must be filed by this date.

4. **NOVEMBER 11, 2002**     **JOINDER OF ALL PARTIES** will be accomplished by this date. Counsel responsible for such joinder will deliver a copy of this Scheduling Order to all newly joined parties.

5. **NOVEMBER 27, 2002**     **A JOINT PRETRIAL ORDER** shall be filed by this date by counsel in the format prescribed in Appendix B of the Local Rules of the Southern District of Texas.

6. **DECEMBER 4, 2002**     **A PRETRIAL CONFERENCE** is set on this date at 2:30 p.m. in the 10th Floor Courtroom, Bentsen Tower, 1701 West Business Highway 83, in McAllen, Texas.

DEFENDANT'S EXHIBIT 4

Attendance by counsel for all parties is required at the Pretrial Conference unless a written motion to reschedule the Pretrial Conference has been granted by the Court.  Failure to timely file the Joint Pretrial Order will result in the imposition of sanctions pursuant to Rule 16(f) F.R.C.P., including dismissal or default judgment, as appropriate.  Counsel are admonished that any motion presented for filing which is not in compliance with Local Rule 7 will be stricken from the record.  Counsel are to notify the Court immediately should the case be settled, and an appropriate joint motion and dismissal order shall be submitted to the Court.

The Clerk shall send a copy of this order to the counsel of record for the parties.

DONE on this 5th day of September, 2002, at McAllen, Texas.

Ricardo H. Hinojosa
UNITED STATES DISTRICT JUDGE

2

In the United States District Court
for the SOUTHERN District of Texas
MCALLEN Division

| | | |
|---|---|---|
| VENTURA CERDA AND CELIA CERDA | § | |
| | § | |
| vs. | § | CA No.: M-02-118 |
| | § | |
| HARTFORD LLOYD'S INSURANCE COMPANY | § | |

**AFFIDAVIT**

Records pertaining to: CIVIL ACTION NO. M-02-118

        Before me, the undersigned authority, personally appeared
_Rosalinda Sanchez_, who being by me duly
sworn, deposed as follows:

My name is Rosalinda Sanchez.  I am over 18 years of age, of
sound mind, capable of making this affidavit, and personally
acquainted with the facts herein stated:

        I am an employee of U.S. Legal Support, Inc.  A subpoena
duces tecum for production of documentary evidence which was
issued by a Texas Notary Public, pursuant to Rule 176.4c., Texas
Rules of Civil Procedure, was sent to Michael T. Krismer, Krismer
& Company, Inc., by certified mail on September 17, 2002. I spoke
with Mr. Krismer's office over twenty times before setting a date
to pick up the records.  We were scheduled to have the records
picked up from Mr. Krismer's office on October 29, 2002.
However, our runner, Lucia Tapia, was not able to reach anyone in
the office that day. Ms. Tapia called me on October 29, 2002 to
inform me that she was not able to reach anyone in the office.  I
started calling Mr. Krismer's office, and have been leaving
messages since the 29th.  We have not had a response from Mr.
Krismer's office.

SANDRA ANN SHAW
MY COMMISSION EXPIRES
February 25, 2004

_Rosalinda Sanchez_
AFFIANT

Sworn to and subscribed before me on this the ___1st___ day
of ___November___, 2002.

_Sandra Ann Shaw_ NOTARY PUBLIC, STATE OF TEXAS
My Commission Expires: _____

Affidavit/No Record

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | | |
|---|---|---|
| VENTURA CERDA AND | § | |
| CELIA CERDA | § | |
| | § | |
| VS. | § | CIVIL ACTION NUMBER M-02-118 |
| | § | |
| HARTFORD LLOYD'S | § | |
| INSURANCE COMPANY | § | |

## DEFENDANT HARTFORD LLOYD'S INSURANCE COMPANY'S
## NOTICE OF INTENTION TO TAKE DEPOSITION BY WRITTEN QUESTIONS OF
## <u>EXPERT WITNESS MIKE KRISMER</u>

TO:   PLAINTIFFS, VENTURA CERDA and CELIA CERDA, BY AND THROUGH
THEIR ATTORNEYS OF RECORD, SAVANNAH ROBINSON, 1810 MAIN
STREET, DANBURY, TEXAS 77534, AND DAVID GARCIA, LAW OFFICE OF
DAVID GARCIA, 101 NORTH 10TH STREET, EDINBURG, TEXAS 78539.

In accordance with Federal Rule of Civil Procedure 31, you are hereby notified

that 14 days after service upon you of this Notice and a copy of the attached Written

Questions, **Defendant Hartford Lloyd's Insurance Company** will take the deposition

of **Mike Krismer, CIE, Contractor, 4838 Holly Rd., #104, Corpus Christi, Texas**

**78411, (361) 906-2200,** upon these Written Questions and such Cross-Questions as

may be duly served.  The deposition will be taken before an officer authorized to take

such depositions, U.S. Legal Support, Inc., 500 N. Water Street, Suite 500 S, Corpus

Christi, Texas 78471, (361) 883-1716.

This same officer will be requested to issue a subpoena duces tecum, pursuant

to Federal Rules of Civil Procedure 34(c), directing the witness to produce all of the

Defendant Hartford Lloyd's Insurance Company's
Notice of Intention to Take Deposition By Written Questions
of Expert Witness Mike Krismer  - Page 1

following:

(1)   Curriculum vitae;

    (a)   A list of your formal educational training after high school including each course taken, the location where you took it and any college degree earned.

    (b)   Any certificates earned, awarded by whom, detail each course taken, over what period of time, and where.

(2)   A list of all publications written by the witness.

(3)   Copies of all publications written by the witness which deal with the areas in which the deponent expects to testify in this case;

(4)   Any literature and research or study done by the witness or in which the witness participated in any way, along with supporting statistics and summaries of findings, regarding the subject areas in which the witness expects to testify;

(5)   All documents, exhibits, facts, photographs, motion pictures, videos, t.v. recordings, maps, drawings, charts, diagrams, measurements, surveys and materials of every kind and nature representing or containing facts upon which the witness may rely in giving testimony in this case, or which may be used to represent, illustrate or explain the witness' testimony in this case;

(6)   A list of all information received by the witness about the case, whether solicited or not, from the plaintiffs, plaintiffs' attorneys or other experts or other persons;

(7)   All written materials or photographs of any nature received by the witness about the case, whether solicited or not, from the defendant, defendant's attorneys, other experts or other persons;

    (a)   Any written materials, photographs, motion pictures, videos or recordings of any kind taken or prepared by you.

(8)   A list of all documents, reports, letters, studies and statistical data or compilations that will be used to substantiate the witness' opinions;

Defendant Hartford Lloyd's Insurance Company's
Notice of Intention to Take Deposition By Written Questions
of Expert Witness Mike Krismer  - Page 2

(9)     All documents constituting, reflecting or recording mathematical calculations, formulas, equations, worksheets, charts and computer printouts used in formulating any opinion to be offered in this case;

(10)    A printout of any computer programs in this case;

(11)    All computer-generated analyses done in this case;

(12)    Any visual displays or exhibits to be used by the witness at the trial in connection with the offering of his opinions;

(13)    The witness' entire file in this case of C. A. No. M-02-118; *Ventura Cerda and Celia Cerda vs. Hartford Lloyd's Insurance Company;*

(14)    A list of each case in which you have ever testified either by deposition or in trial along with the names of the parties, the county and state in which filed, the cause number and the amount of money you were paid in each particular case; and

(15)    Please list each and every lawsuit in which you have been a defendant giving: (a) the style and number of that lawsuit; (b) the state and county in which it was filed, (c) a summary of the allegations made against you; (d) and if concluded, the outcome, and (e) if settled and you or your insurer paid any money to any other party, to whom and how much was paid.

Defendant Hartford Lloyd's Insurance Company's
Notice of Intention to Take Deposition By Written Questions
of Expert Witness Mike Krismer  - Page 3

Respectfully submitted,

F. Edward Barker
State Bar No. 01741000
Federal I.D. No. 970
Attorney-in-Charge for Defendant
Hartford Lloyd's Insurance Company
Tower II, Suite 1200
555 N. Carancahua St.
Corpus Christi, Texas  78478
(361) 881-9217; FAX (361) 882-9437

OF COUNSEL:
BARKER, LEON, FANCHER & MATTHYS,
L.L.P.

Defendant Hartford Lloyd's Insurance Company's
Notice of Intention to Take Deposition By Written Questions
of Expert Witness Mike Krismer  - Page 4

## CERTIFICATE OF SERVICE

I certify that on September ⟍__, 2002, a complete and correct copy of **Defendant Hartford Lloyd's Insurance Company's Notice of Intention to Take Deposition On Written Questions of Expert Witness Mike Krismer** was served on each party by delivery to the following attorney(s) of record in the manner indicated below:

**Via Certified Mail/RRR No. 7001 1940 0005 0775 6138**
Ms. Savannah Robinson
LAW OFFICES OF SAVANNAH ROBINSON
1810 Main Street
Danbury, Texas 77534

**Via Certified Mail/RRR No. 7001 1940 0005 0775 6145**
Mr. David Garcia
LAW OFFICE OF DAVID GARCIA
101 North 10th Street
Edinburg, Texas 78539

F. Edward Barker

Defendant Hartford Lloyd's Insurance Company's
Notice of Intention to Take Deposition By Written Questions
of Expert Witness Mike Krismer  - Page 5

AO 88(Rev. 11/91) Subpoena in a Civil Case

# United States District Court

In the SOUTHERN District of Texas
MCALLEN Division

| | |
|---|---|
| VENTURA CERDA AND CELIA CERDA | **SUBPOENA IN A CIVIL CASE** |
| v. | **CASE NUMBER: M-02-118** |
| HARTFORD LLOYD'S INSURANCE COMPANY | |

To: The Custodian of Records for:
    MICHAEL T. KRISMER KRISMER & COMPANY, INC.
    2203 AYERS
    CORPUS CHRISTI, TX 78404

    In the SOUTHERN
    District of Texas
    MCALLEN Division

**You are commanded** to appear In the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| . | |
| | DATE AND TIME |
| | |

**You are commanded** to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

**You are commanded** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): ANY AND ALL RECORDS REQUESTED IN THE ATTACHED EXHIBIT A

| PLACE | DATE AND TIME |
|---|---|
| AT THE OFFICE OF THE CUSTODIAN: | INSTANTER, 2002 |
| 2203 AYERS | BUT NOT MORE THAN |
| CORPUS CHRISTI, TX 78404 | 14 DAYS |

**You are commanded** to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b) (6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| F. [signature] Barker | 9/11/02 |
| ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER | |
| F. EDWARD BARKER, ATTORNEY FOR Defendant | |
| BARKER, LEON, FANCHER, & MATTHYS, L | |
| TOWER II 1200, 555 N. CARANCAHUA STREET, CORPUS CHRISTI, TX 78478 | |

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D)

EXHIBIT A

(1)     Curriculum vitae;

       (a)     A list of your formal educational training after high school including each course taken, the location where you took it and any college degree earned.

       (b)     Any certificates earned, awarded by whom, detail each course taken, over what period of time, and where.

(2)     A list of all publications written by the witness.

(3)     Copies of all publications written by the witness which deal with the areas in which the deponent expects to testify in this case;

(4)     Any literature and research or study done by the witness or in which the witness participated in any way, along with supporting statistics and summaries of findings, regarding the subject areas in which the witness expects to testify;

(5)     All documents, exhibits, facts, photographs, motion pictures, videos, t.v. recordings, maps, drawings, charts, diagrams, measurements, surveys and materials of every kind and nature representing or containing facts upon which the witness may rely in giving testimony in this case, or which may be used to represent, illustrate or explain the witness' testimony in this case;

(6)     A list of all information received by the witness about the case, whether solicited or not, from the plaintiffs, plaintiffs' attorneys or other experts or other persons;

(7)     All written materials or photographs of any nature received by the witness about the case, whether solicited or not, from the defendant, defendant's attorneys, other experts or other persons;

       (a)     Any written materials, photographs, motion pictures, videos or recordings of any kind taken or prepared by you.

(8)     A list of all documents, reports, letters, studies and statistical data or compilations that will be used to substantiate the witness' opinions;

Defendant Hartford Lloyd's Insurance Company's
Notice of Intention to Take Deposition By Written Questions
of Expert Witness Mike Krismer - Page 2

(9)     All documents constituting, reflecting or recording mathematical calculations, formulas, equations, worksheets, charts and computer printouts used in formulating any opinion to be offered in this case;

(10)    A printout of any computer programs in this case;

(11)    All computer-generated analyses done in this case;

(12)    Any visual displays or exhibits to be used by the witness at the trial in connection with the offering of his opinions;

(13)    The witness' entire file in this case of C. A. No. M-02-118; *Ventura Cerda and Celia Cerda vs. Hartford Lloyd's Insurance Company;*

(14)    A list of each case in which you have ever testified either by deposition or in trial along with the names of the parties, the county and state in which filed, the cause number and the amount of money you were paid in each particular case; and

(15)    Please list each and every lawsuit in which you have been a defendant giving: (a) the style and number of that lawsuit; (b) the state and county in which it was filed, (c) a summary of the allegations made against you; (d) and if concluded, the outcome, and (e) if settled and you or your insurer paid any money to any other party, to whom and how much was paid.

Defendant Hartford Lloyd's Insurance Company's
Notice of Intention to Take Deposition By Written Questions
of Expert Witness Mike Krismer  - Page 3

**US Legal Support, Inc.**

500 N. Water Street
Suite 500 S
Corpus Christi, TX 78471-
(361) 883-1716
Fax (361) 888-6550

In the United States District Court
for the SOUTHERN District of Texas
MCALLEN Division

| | | |
|---|---|---|
| VENTURA CERDA AND CELIA CERDA | § | |
| | § | |
| vs. | § | CA No.: M-02-118 |
| | § | |
| HARTFORD LLOYD'S INSURANCE COMPANY | § | |

TO ALL ATTORNEYS OF RECORD:

This shall serve as notification pursuant to Rule 31, Federal Rules of Civil Procedure, that the following records and corresponding "Deposition by Written Questions" in response to the above-referenced case have been forwarded to F. EDWARD BARKER for filing with the court at a later date.

Records pertain to: **CIVIL ACTION M-02-118**

| CUSTODIAN | DATE SUBMITTED TO ATTORNEY | TAXABLE COST |
|---|---|---|
| MICHAEL T. KRISMER KRISMER & COMPANY, INC. (ANY AND ALL) | 11-1-02 | $ 208.00 |

Should you have any questions regarding this matter, please contact US Legal Support, Inc..

Respectfully submitted,
**US Legal Support, Inc.**

For:  F. EDWARD BARKER
cc: SAVANNAH ROBINSON
DAVID GARCIA

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | | |
|---|---|---|
| VENTURA CERDA AND | § | |
| CELIA CERDA | § | |
| | § | |
| VS. | § | CIVIL ACTION NUMBER M-02-118 |
| | § | |
| HARTFORD LLOYD'S | § | |
| INSURANCE COMPANY | § | |

**DEFENDANT HARTFORD LLOYDS INSURANCE COMPANY'S MOTION TO
EXCLUDE PLAINTIFFS VENTURA CERDA AND CELIA CERDA'S  EXPERT
WITNESS MIKE KRISMER**

# EXHIBIT "C"

1

```
 1              IN THE UNITED STATES DISTRICT COURT
                   SOUTHERN DISTRICT OF TEXAS
 2                      MCALLEN DIVISION
 3    VENTURA CERDA and     )
      CELIA CERDA,          )
 4         Plaintiffs       )
                            )
 5    VS.                   )  CIVIL ACTION
                            )  NO. M-02-118
 6                          )
                            )
 7    HARTFORD LLOYDS       )
      INSURANCE COMPANY,    )
 8         Defendant.       )
 9
10
11            CERTIFICATE OF NON-APPEARANCE
12             DEPOSITION OF MIKE KRISMER
13                  OCTOBER 29, 2002
14
15
16
17
18
19
20
21
22
23
24
25
```

DEFENDANT'S EXHIBIT

ORIGINAL

95407b81-eff7-11d6-9f2e-004033d39c75

2

```
1     THE STATE OF TEXAS     }

2     COUNTY OF HIDALGO      }

3          I, Sindy Sanders, being over the age of

4     eighteen (18) years and of sound mind and a

5     Certified Shorthand Reporter in and for the State

6     of Texas, swear to the following:

7          On October 29, 2002, at the request of F.

8     EDWARD BARKER, BARKER, LEON, FANCHER & MATTHYS,

9     L.L.P., 555 N. Carancahua Street, Tower II, Suite

10    1200, Corpus Christi, Texas, I was present at THE

11    LAW OFFICES OF SAVANNAH ROBINSON, Federal

12    Courthouse Building, 1701 W. Business Highway 83,

13    Room 222, McAllen, Texas, at 10:00 a.m. to report

14    the oral deposition of the witness, MIKE KRISMER.

15    At that time, I was informed that a Notice of

16    Oral Deposition With Subpoena Duces Tecum had

17    been forwarded to all parties.  The Notice of the

18    Oral Deposition that was received by my office is

19    attached hereto as Exhibit No. 1.

20         At 10:30 a.m., the witness, MIKE KRISMER,

21    had not appeared for the purpose of giving his

22    deposition.

23         F. EDWARD BARKER, Counsel for Defendant,

24    then instructed me to complete a Certificate of

25
```

95407b81-eff7-11d6-9f2e-004033d39c75

DEPOSITION OF MIKE KRISMER                                    10/29/2002

3

1    Non-Appearance.

2

3                        

4

                   SINDY SANDERS
5                  Certified Shorthand Reporter
                    Expiration Date:  12/31/2002
6                  U.S LEGAL SUPPORT, INC.
                   500 N. Water Street
7                  Suite 500-S
                   Corpus Christi, Texas   78471
8                  (361) 883-1716
                   Facsimile (361) 888-6550

9

10   THE STATE OF TEXAS      }

11   COUNTY OF HIDALGO       }

12      SUBSCRIBED AND SWORN TO BEFORE ME by Sindy
     Sanders on this the 04ᵗʰ day of November          ,
13   2002.

14

15                  NOTARY PUBLIC IN AND FOR
                    THE STATE OF TEXAS
16
                    My Commission Expires:

17

18

19

20

21

22

23

24

25

95407b81-eff7-11d6-9f2e-004033d39c75

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | | |
|---|---|---|
| VENTURA CERDA AND | § | |
| CELIA CERDA | § | |
| | § | |
| VS. | § | CIVIL ACTION NUMBER M-02-118 |
| | § | |
| HARTFORD LLOYD'S | § | |
| INSURANCE COMPANY | § | |

**FIRST AMENDED NOTICE OF DEFENDANT, HARTFORD LLOYD'S INSURANCE COMPANY TO TAKE THE ORAL DEPOSITION OF EXPERT MIKE KRISMER WITH SUBPOENA DUCES TECUM**

TO:   PLAINTIFFS, VENTURA CERDA and CELIA CERDA, BY AND THROUGH THEIR ATTORNEYS OF RECORD, SAVANNAH ROBINSON, 1810 MAIN STREET, DANBURY, TEXAS 77534, AND DAVID GARCIA, LAW OFFICE OF DAVID GARCIA, 101 NORTH 10TH STREET, EDINBURG, TEXAS 78539.

**PLEASE TAKE NOTICE** that pursuant to Rules 30 and 45 of the Federal Rules of Civil Procedure, Defendant, Hartford Lloyd's Insurance Company, by and through its attorney of record below signed, will take the oral deposition of **MIKE KRISMER** at **1701 Business Highway 83, Room 222, Federal Court Building, McAllen, Texas 78501** on **Tuesday, October 29, 2002,** beginning at 10:00 o'clock a.m. Said deposition will continue from day to day until completed.  It is intended that this notice shall also serve as a Subpoena Duces Tecum and that the documents enumerated below are requested to be produced at the time of the taking of this deposition.

DEPOSITION
EXHIBIT

*1*

Said deposition will be recorded stenographically and may be videotaped and will be recorded by a court reporter provided by U.S. Legal Support, 1716, 500 N. Water Street, Suite 500 S, Corpus Christi, Texas 78471.

The WITNESS is requested to produce the original and any copies of the following documents in his possession, or in the possession of his attorney.  The documents to be produced are as follows:

1.  Curriculum Vitae;

2.  A list of all publications written by the witness;

3.  Copies of all publications written by the witness which deal with areas in which the deponent expects to testify in this case;

4.  Any literature and research or study done by the witness or in which the witness participated in any way, along with supporting statistics and summaries of findings, regarding the subject areas in which the witness expects to testify;

5.  All documents, exhibits, facts, photographs, motions pictures, videos, t.v. recordings, maps, drawings, charts, diagrams, measurements, surveys and materials concerning representing or containing facts upon which the witness may rely in giving testimony in this case, or which may be used to represent, illustrate or explain the witness' testimony in this case;

6.  A list of all information received by the witness about the case, whether solicited or not, from the Plaintiffs, Plaintiffs' attorneys or other experts or other persons (including Defendant or Defendant's attorneys);

7.  All written materials or photographs of any nature received by the witness about the case, whether solicited or not, from the Plaintiffs, Plaintiffs' attorneys, other experts or other persons (including Defendant or Defendant's attorneys);

8.  A list of all documents, reports, letters, studies or statistical data or compilations that will be used to substantiate the witness' opinions;

9.     All documents constituting, reflecting or recording mathematical calculations, formulas, equations, worksheets, charts and computer printouts used in formulating any opinion to be offered in this case;

10.    A printout of any computer programs in this case;

11.    All computer-generated analyses done in this case;

12.    Any visual displays or exhibits to be used by the witness at the trial in connection with the offering of his opinions;

13.    The witness' entire file in this case of Ventura Cerda and Celia Cerda vs. Hartford Lloyds Insurance Company, Cause No. M-02-118

14.    All reports prepared by you in connection with this litigation, all physical models, compilations of data and other materials prepared by or relied upon by you , or under your supervision and control, in anticipation for testimony in this case;

Respectfully submitted,

F. Edward Barker
State Bar No. 01741000
Federal I.D. No. 970
Attorney-in-Charge for Defendant
Hartford Lloyd's Insurance Company
Tower II, Suite 1200
555 N. Carancahua St.
Corpus Christi, Texas 78478
(361) 881-9217; FAX (361) 882-9437

OF COUNSEL:
BARKER, LEON, FANCHER & MATTHYS, L.L.P.

## CERTIFICATE OF SERVICE

I certify that on September 23, 2002, a complete and correct copy of **Defendant Hartford Lloyd's Insurance Company's First Amended Notice of Intention to Take Oral Deposition of Expert Mike Krismer with Subpoena Duces Tecum** was served on each party by delivery to the following attorney(s) of record in the manner indicated below:

**Via Certified Mail/RRR No. 7001 1940 0005 0775 1232**
Ms. Savannah Robinson
LAW OFFICES OF SAVANNAH ROBINSON
1810 Main Street
Danbury, Texas 77534

**Via Certified Mail/RRR No. 7001 1940 0005 0775 1225**
Mr. David Garcia
LAW OFFICE OF DAVID GARCIA
101 North 10th Street
Edinburg, Texas 78539

F. Edward Barker

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | | |
|---|---|---|
| VENTURA CERDA AND | § | |
| CELIA CERDA | § | |
| | § | |
| VS. | § | CIVIL ACTION NUMBER M-02-118 |
| | § | |
| HARTFORD LLOYD'S | § | |
| INSURANCE COMPANY | § | |

**ORDER ON DEFENDANT HARTFORD LLOYD'S INSURANCE COMPANY'S
MOTION TO EXCLUDE PLAINTIFFS VENTURA CERDA AND
CELIA CERDA'S EXPERT WITNESS, MIKE KRISMER**

On this___ day of _____,2002, came on to be heard the Defendant

Hartford Lloyd's Insurance Company's Motion to Exclude Plaintiffs Ventura Cerda and

Celia Cerda's Expert Witness, Mike Krismer, and the Court after hearing the argument and

evidence thereon is of the opinion that said Motion should be GRANTED.

It is therefore Ordered that Plaintiffs' Expert, Mike Krismer , shall be excluded from

presenting any testimony or other evidence in the trial of this cause.

Signed and entered this ___ day of _____ 2002.


_____
U.S. DISTRICT JUDGE



**Krismer**

**Consulting**

October 25, 2002

Ms. Savannah Robinson
1810 Main
Danbury, Texas 77534

Subject:     Preliminary Water Damage Assessment
             Ventura Cerda Residence
             323 W. Samano
             Edinburg, Texas

Dear Ms. Robinson:

At your request, we performed a water damage assessment of the residence referenced above. Our assessment was limited to conditions that may be conducive to growth of molds or fungi and/or other water damage to the residence. Mike Krismer and Elizabeth Krismer of this office conducted the inspection on October 23, 2002.

**FINDINGS**

Our Investigation regarding the water damage/fungal contamination to the interior portion of the residence revealed the following:

1. The residence is a single-family home constructed on a concrete pier-and-beam type foundation. It is conventionally framed and is constructed with wood siding. The roofing consists of composition shingles. A new roof was installed approximately five years ago. The home is over 50 years old, and the Cerda family has owned the home for approximately 21 years. The building drain piping was replaced less than one year ago.

2. We are in general agreement with the scope of damages identified by HNP, Inc. during their investigation in March of 2002.

3. Water damage and mold growth were observed underneath the lavatory in the bathroom as a result of a previous leak.

4838 Holly Road, #104   •   Corpus Christi, Texas 78411   •   (361) 906-2200

1512 Dove Ave, Suite A   •   McAllen, Texas 78504   •   (956) 630-0242

Forensic Consulting      •      Water Damage      •      Environmental Assessments



Preliminary Water Damage Assessment                                    October 25, 2002
Cerda Residence

4. Water damage and mold growth were observed in the floor joists and sub-flooring underneath the commode location as a result of a floor flange leak.

5. Water damage and mold growth were observed in the floor joists and sub-flooring underneath the tub location as a result of a leak at the tub enclosure.

6. Water damage and mold growth were observed underneath the kitchen sink, in the sub-flooring, floor joists, and at the stringer as a result of a previous leak in the building drain piping.

7. Water damage and mold growth were observed at the walls, flooring, and ceiling in the water heater closet in the hallway as a result of a leak at the water heater.

8. Water damage was observed at the southeast wall of the living room as a result of water intrusion through the exterior wall system as a result of roof leakage and/or wind driven rain.

9. Water damage was observed in the living room at the walls and ceiling surrounding the fireplace as a result of roof leakage and/or wind driven rain around the chimney.

10. Decay and water damage were observed at a number of windows in the home as a result of deferred maintenance.

11. A musty odor was present in the home. This is typically associated with water damaged building materials.

The interview with Mrs. Cerda revealed the following:

Mr. Cerda is experiencing headaches, neck pain, fatigue, sinus problems, shortness of breath, dizziness, trouble sleeping, and allergy type symptoms. He had his gall bladder removed about 9 years ago.

Mrs. Cerda is experiencing nosebleeds, headaches, neck pain, fatigue, irritability, trouble sleeping, stuffy nose, congestion, hair loss, and allergy type symptoms.

Maritza Cerda, Mr. and Mrs. Cerda's 25 year-old daughter, is experiencing hair loss, headaches, and allergy type symptoms.

Roberto Cerda, Mr. and Mrs. Cerda's 14 year-old son is experiencing headaches, watery eyes, fatigue, trouble sleeping, earaches, throat infections, and allergy type symptoms. He underwent nasal surgery in February 2001. He continues snoring and he still has trouble breathing.

Preliminary Water Damage Assessment                          October 25, 2002
Cerda Residence

Luisa Cerda, Mr. and Mrs. Cerda's 27 year-old daughter, is experiencing fatigue,
headaches, watery eyes, and allergy type symptoms.

Antonio Barbosa, Mr. and Mrs. Cerda's 27 year-old son-in-law is experiencing
headaches, fatigue, and allergy type symptoms. He underwent nasal surgery in 2000.
He continues snoring and he still has trouble breathing.

Brianna Barbosa, Mr. and Mrs. Cerda's 7 year-old granddaughter, is experiencing
headaches, fatigue, earaches, throat infections, bronchitis, and allergy type symptoms.

Anthony Barbosa, Mr. and Mrs. Cerda's 3 year-old grandson, is experiencing bronchitis,
earaches, throat infections, and allergy type symptoms.

The occupants are in the process of relocating from their residence.

**RECOMMENDATIONS & OPINIONS**

Based upon our visual inspection of the home and the occupant interview, we have
developed a preliminary scope of repairs to address the water damage and/or microbial
growth at the Cerda residence. This scope of repairs is attached as an addendum to
this report. Testing results and/or additional information may become available which
would require modification of this scope of repairs.

We are; however, ready to render the following recommendations and opinions at this
time:

1. It is our recommendation that the occupants consider consulting with their
   family doctor or a qualified health professional regarding occupancy of the
   residence.

2. It is our opinion that the water damage and/or contamination at this
   residence are the result of a number of distinct and separate water leaks
   from plumbing systems, wind driven rain, and/or roof leaks.

3. It is our opinion that the leaks documented and observed have damaged
   building materials at this residence.

4. It is our opinion removal and replacement of the water damaged framing
   members is the only prudent method of repair. This will require
   replacement of framing and flooring lumber in the bathroom, a portion of
   the kitchen, and the water heater closet.

5. Replace all damaged sill beam, joists, blocking, studs, sub-floor and
   hardwood flooring. This will require the removal of all decayed lumber at
   least three feet into sound lumber. All new lumber should be treated .6
   CCA where applicable. (See excerpts from attached - Wood Handbook).

Preliminary Water Damage Assessment                    October 25, 2002
Cerda Residence

6.  In the walls where stud damage is found, "sistering" of the studs may be
    utilized under the following conditions:

    I. Any damaged stud is cut back two to three feet past any
       evidence of decay.

    2. The added stud should run from plate to the ceiling.

    This requires removal of wall finishes around the "sistered" stud.

7.  It is our opinion that due to the age of the home, a survey for asbestos and
    lead paint should be conducted prior to any work commencing on this
    home.

8.  We recommend that contractors performing remediation at this residence
    be familiar with the following guidelines and standards regarding water
    damage, mold remediation, and the cleaning of HVAC systems:

    *"Guidelines on Assessment and Remediation of Fungi in Indoor
    Environments"* published by the New York City Department of Health.

    *"Mold Remediation in Schools and Commercial Buildings"* published
    by the Environmental Protection Agency  (EPA), March 2001.

    *"IICRC S500 Standard and Reference Guide for Professional Water
    Damage Restoration"* published by the Institute of Inspection Cleaning
    and Restoration Certification

    *"Assessment, Cleaning, and Restoration of HVAC Systems ACR
    2002"*, an Industry Standard Developed by the National Air Duct Cleaners
    Association. Copyright © 2001 by NADCA.

You should understand that damage, which is not evident at this time, may be present
and could require additional work in order for clearance to be achieved should
remediation be attempted. We appreciate the opportunity to be of service to you.
Please feel free to call and discuss any of the information contained in this report.

Cordially,

Mike Krismer, CIE                          C. Brock Thomas, CIE
Consultant                                 General Contractor/Consultant

Page - 4 -

NOV.01'2002 15:06 956 630 0377    KRISMER CONSULTING    #1209 P.002/006



**Preliminary Scope of Repairs**
**Water Damage**
**Microbial Contamination**

MASTER
BEDROOM

KITCHEN

NOOK

BEDROOM #2

LIVING
ROOM

TOTAL AREA = 1,459 SQ.FT.

Scale: 1in = 10ft. 0in.

Ventura Cerda Residence
323 Samano
Edinburg, Texas

Scope Identified by HNP:
━━━  Replace Wall
▓▓▓  Replace Flooring

### Preliminary Scope of Repairs
### Water Damage
### Microbial Contamination



TOTAL AREA = 1,459 SQ FT

Scale: 1in = 10ft. 0in



| | |
|---|---|
| ▬▬▬▬ | Replace Wall |
| ▨▨▨ | Replace Flooring |
| ■■■ | Replace Cabinets & Flooring |
| | Replace Ceiling |

**Ventura Cerda Residence**
**323 Samano**
**Edinburg, Texas**

- Replace Porous Finishes including acoustic ceiling.
- Clean Entire House

**Ventura Cerda Residence**



Photo # 1 -

Photo of front of the home.



Photo # 2 –

Photo of front door and water damage at this location as a result of roof leakage.

**Ventura Cerda Residence**



**Photo # 3 -**

**Photo of fireplace and water damage** at this location as a result of roof leakage around the chimney.



**Photo # 4 –**

**Close-up of damage** on east side of fireplace.

Ventura Cerda Residence



Photo # 5 -

Close-up of damage
at ceiling in front of
fireplace.



Photo # 6 –

Water damage on
wall above fireplace
mantel.

Case 7:02-cv-00118  Document 15  Filed on 11/12/02 in TXSD  Page 40 of 60

**Ventura Cerda Residence**



**Photo # 7 -**

**Water damage at ceiling in living room on west side of room as a result of roof leakage.**



Photo # 8 –

Photo of kitchen sink.

**Ventura Cerda Residence**



Photo # 9 -

Photo of plumbing underneath kitchen sink.



Photo # 10 –

Photo of water damage and decay underneath the kitchen sink location taken from the crawl space.

**Ventura Cerda Residence**



Photo # 11 -

Photo of bathroom lavatory.



Photo # 12 –

Water damage and mold growth underneath the bathroom lavatory.

Ventura Cerda Residence



Photo # 13 -

Photo of commode in bathroom.



Photo # 14 –

Photo underneath the commode taken from crawl space. PVC building drain piping was replaced in early 2002.

**Ventura Cerda Residence**



Photo # 15 -

Photo of damage to sub-floor and floor joists underneath bathroom.



Photo # 16 –

Photo of tub.

**Ventura Cerda Residence**



Photo # 17 -

Photo of tub taken
from crawl space.
Evidence of leakage.



Photo # 18 –

Evidence of water
damage underneath
tub location taken
from crawl space.

**Ventura Cerda Residence**



Photo # 19 -

Photo of water heater.



Photo # 20 –

Water damage and mold growth at the flooring by the hot water heater as a result of a leak at this location.

**C.B. THOMAS COMPANY, INC.**
**4838 Holly Rd., #104**
**Corpus Christi, Texas  78411**                    NOV 0 1 2002
(361) 906-2200    Facsimille - 906-2245

| Customer | CERDA-VENTURA | Ins. Co. | HARTFORD |
|---|---|---|---|
| Address | 323 W. SAMANO | Policy # | |
| City/State | EDINBURG, TEXAS | Deductible | |
| Loss Date | | File # | Cerda-Ventura-1 |
| Type Loss | | Adjuster | |
| Claim # | | Date | OCTOBER 31, 2002 |

THE WRITER OF THIS ESTIMATE ASSUMES THE FOLLOWING:

1  THE ASBESTOS/MICROBIAL REMEDIATION/REPAIRS TO THE CERDA RESIDENCE LOCATED AT 333 W. SAMANO WILL BE
   CONDUCTED UTILIZING LABOR AND MATERIAL OF LIKE KIND & QUALITY IN ACCORDANCE WITH FEDERAL,
   STATE AND LOCAL LAWS.  THE REPAIRS WILL ALSO BE CONDUCTED AS PER THE RECOMMENDATIONS PROVIDED BY
   KRISMER/THOMAS DATED OCTOBER 28, 2002.

2.  THE RESIDENCE WILL BE UNOCCUPIED & CONTENTS REMOVED AND DECONTAMINATED AND RESET BY OTHERS
    WHILE THIS WORK IS BEING PERFORMED.  (ESTIMATE APPROXIMATELY 60 WORKING DAYS).

3.  THIS SCOPE IS SUBJECT TO CHANGE ACCORDING TO THE RESULTS OF HIDDEN DAMAGE AND OR INVESTIGATION
    NECESSARY & NOT YET PERFORMED TO DATE.

4.  ALL CONTRACTS & DRAW SCHEDULES WILL BE EXECUTED & AGREED UPON PRIOR TO COMMENCEMENT
    OF WORK.

* UAP = UNDER ABATEMENT PROCEDURE
* UNC = UNDER NORMAL CONDITIONS
    THIS ESTIMATE IS PREDICATED ON THE QUANTITY SURVEY WHICH PRECEDES HEREWITH.
    THE SURVEY IS SUBJECT TO MECHANICAL AND HUMAN ERROR.  THIS ESTIMATE IS NOW, THEREFORE,
    SUBJECT TO REVISION CONTINGENT ON THE DISCOVERY OF MECHANICAL AND/OR HUMAN ERROR.

| DESCRIPTION | QTY | UNIT MEAS | UNIT COST | DEP % | EXT | DEP | DAMAGE |
|---|---|---|---|---|---|---|---|

**PROVIDE CONTAINMENT AREA INCLUDING DECONTAMINATION UNIT: II**

**WORKER DECONTAMINATION/EQUIPMENT ENCLOSURE SYSTEM:**
Installation of a full containment work area including a 3 stage decontamination facility complete with hot and cold potable
water located reasonably  close to the work area, acceptable to owner's environmental engineer of record
and/or consultant.

| Set up cost to incl. labor & material, elec/plumb | 1 | ea. | 2200.00 | | 2,200.00 | | 2,200.00 |
|---|---|---|---|---|---|---|---|

**VACUUM ALL WALLS/CEILING/FLOOR (HEPA VACUUM).**
HEPA Vacuum all surfaces of the affected area, clean twice; first time using a 10% biocide solution (bleach) with surfactant
additive (murphy oil/soap or ivory liquid soap), the second time with 25%  biocide solution (bleach) with surfactant additive with
caution. Final wipe down all walls/ceiling/surfaces within affected area with a emgicide i.e. microban x or equivalent.

**Assume 6 man crew, 5 days**

| Unskilled labor - 5 men | 200 | hrs. | 17.50 | | 3,500.00 | | 3,500.00 |
|---|---|---|---|---|---|---|---|
| Skilled labor - 1 man | 40 | hrs. | 35.00 | | 1,400.00 | | 1,400.00 |
| Hepa Vacuum | 6 | ea. | 69.00 | | 414.00 | | 414.00 |
| Filters Primary | 6 | ea. | 15.00 | | 90.00 | | 90.00 |
| Filter (Hepa) | 1 | ea. | 65.00 | | 65.00 | | 65.00 |

| | | TOTALS PAGE  1 | | | $7,669.00 | | $7,669.00 |
|---|---|---|---|---|---|---|---|

BUILDING ESTIMATE — PAGE

| Customer | CIERCA, VICTOR H. | DATE  OCTOBER 30, 2002 |
| Address | 523 W. SAMANO |
| City/State | EDINBURG, TEXAS |

| DESCRIPTION | QTY | UNIT MEAS | UNIT COST | DEP % | EXT | DEP | DAMAGE |
|---|---|---|---|---|---|---|---|
| Vacuum Bags | 6 | ea. | 3.50 | | 21.00 | | 21.00 |
| Biohazard bags | 45 | ea. | 0.90 | | 40.50 | | 40.50 |
| Disposable suit complete (2 changes daily) | 16 | ea. | 15.25 | | 244.00 | | 244.00 |
| Hepa respi filters (2 changes) | 18 | pair | 6.00 | | 108.00 | | 108.00 |
| Full face respirators (1 per man) | 6 | ea. | 9.00 | | 54.00 | | 54.00 |
| Microban x | 36 | Gal | 32.15 | | 1,157.40 | | 1,157.40 |
| Paper/cloth towel | 2 | box | 175.00 | | 350.00 | | 350.00 |

Construct 2x4 walls, i.e.: confined space, provide double 6 mill plastic on floors, double 4 mill plastic on walls sealed & taped at all joints as required.  Install critical barriers as required.  Containment area will be attached to decontamination unit.  Containment area for attic and exterior as required.

**Assume 5 man crew, 2 days**

| DESCRIPTION | QTY | UNIT MEAS | UNIT COST | DEP % | EXT | DEP | DAMAGE |
|---|---|---|---|---|---|---|---|
| Unskilled labor - 1 man | 48 | hrs. | 17.50 | | 840.00 | | 840.00 |
| Skilled labor - 1 man | 32 | hrs. | 35.00 | | 1,120.00 | | 1,120.00 |
| 2x2, 2x4 Random lengths | 40 | ea. | 4.60 | | 184.00 | | 184.00 |
| Nails/Screws | 3 | units | 10.00 | | 30.00 | | 30.00 |
| 4x8x1/2 plywood | 4 | ea. | 11.50 | | 46.00 | | 46.00 |
| Duct tape | 40 | rls | 3.75 | | 150.00 | | 150.00 |
| 6 Mill Plastic | 8 | rls | 42.50 | | 340.00 | | 340.00 |
| 4 Mill plastic | 8 | rls | 39.50 | | 316.00 | | 316.00 |
| Trip Charge | 3 | Ea. | 45.00 | | 135.00 | | 135.00 |
| Biohazard bags | 40 | ea. | 0.90 | | 36.00 | | 36.00 |
| Disp. suit - 4 men/2 days (2 changes daily) | 25 | ea. | 15.25 | | 381.25 | | 381.25 |
| Hepa respi filters (2 changes) | 10 | pair | 6.00 | | 60.00 | | 60.00 |
| Full face respirators | 10 | ea. | 9.00 | | 90.00 | | 90.00 |

During demolition & removal of the contaminated portion of the dwelling, workers will be required to utilize 1/2 face respirators, Tyvek coveralls with foot & head protection, cotton gloves and rubber gloves. Down time due to extreme working conditions is considered.  Workers will take a 30 min. break every 60 minutes they work. (Approximately)

**Assume 3 man crew, 13 days**

| DESCRIPTION | QTY | UNIT MEAS | UNIT COST | DEP % | EXT | DEP | DAMAGE |
|---|---|---|---|---|---|---|---|
| Unskilled labor - 2 men | 208 | hrs. | 17.50 | | 3,640.00 | | 3,640.00 |
| Skill labor - 1 man | 104 | hrs. | 35.00 | | 3,640.00 | | 3,640.00 |
| Neg air purifier (use charge per unit) | 13 | days | 120.00 | | 1,560.00 | | 1,560.00 |
| * Ductwork Neg air (use charge per unit) | 3 | units | 95.00 | | 285.00 | | 285.00 |
| HEPA air scrubbers (use charge per unit) | 3 | units | 120.00 | | 360.00 | | 360.00 |
| Filter primary | 8 | ea. | 2.50 | | 20.00 | | 20.00 |
| Filter secondary | 8 | ea. | 7.50 | | 60.00 | | 60.00 |
| Filter Hepa | 2 | ea. | 95.00 | | 190.00 | | 190.00 |
| Biohazard bags | 100 | ea. | 0.90 | | 90.00 | | 90.00 |
| Disp. suit- 6 men/13 days (2 changes daily) | 78 | ea. | 15.25 | | 1,189.50 | | 1,189.50 |
| Full face respirators (1 per man) | 3 | ea. | 9.00 | | 27.00 | | 27.00 |
| Hepa resp. filters (3 changes) | 9 | pair | 9.50 | | 85.50 | | 85.50 |

*Back up unit on site at all times.

**TOTALS PAGE  2**          $16,850.15          $16,850.15

| DESCRIPTION | QTY | UNIT MEAS | UNIT COST | DEP % | EXT | DEP | DAMAGE |
|---|---|---|---|---|---|---|---|
| **BUILDING ESTIMATE** | | | | | | | PAGE 3 |
| **Customer** GARCIA VENTURA | | | | DATE OCTOBER 31, 2002 | | | |
| **Address** 323 W. SALVADO | | | | | | | |
| **City/State** EDINBURG, TEXAS | | | | | | | |

Dismantle containment area & decontamination unit including cleaning of interior and exterior walls, ceilings & floor. Hepa vacuum all materials prior to proper disposal. Reclean existing covered walls.

Assume 3 man crew, 3 days

| | | | | | | |
|---|---|---|---|---|---|---|
| Unskilled labor - 2 men | 48 | hrs | 17.50 | 840.00 | | 840.00 |
| Skilled labor - 1 man | 32 | hrs. | 35.00 | 1,120.00 | | 1,120.00 |
| Microban X | 9 | Gal. | 32.15 | 289.35 | | 289.35 |
| Disposable suit (2 changes daily) | 24 | ea. | 12.25 | 294.00 | | 294.00 |
| Paper/cloth towel | 1 | box | 150.00 | 150.00 | | 150.00 |
| Biohazard bags | 60 | ea. | 0.90 | 54.00 | | 54.00 |
| Full face respirators (1 per man) | 3 | ea. | 9.00 | 27.00 | | 27.00 |
| Hepa respirator filter (2 changes) | 3 | pair | 6.00 | 18.00 | | 18.00 |
| Hepa vacuum | 6 | ea. | 69.00 | 414.00 | | 414.00 |
| Filter primary | 12 | ea. | 15.00 | 180.00 | | 180.00 |
| Vacuum bags | 12 | ea. | 3.50 | 42.00 | | 42.00 |

Cleaning of all safety equipment and tools will require 1.5 hours daily.

| | | | | | | |
|---|---|---|---|---|---|---|
| Unskilled labor | 33 | hrs. | 17.50 | 577.50 | | 577.50 |
| Microban X | 4 | gal | 32.15 | 128.60 | | 128.60 |
| Paper/cloth towel | 1 | box | 50.00 | 50.00 | | 50.00 |
| Biohazard bags | 40 | ea. | 0.90 | 36.00 | | 36.00 |

Supervision for entire remediation process.

| | | | | | | |
|---|---|---|---|---|---|---|
| Supervisor | 176 | hrs | 40.00 | 7,040.00 | | 7,040.00 |

**Engineering**

| | | | | | | |
|---|---|---|---|---|---|---|
| Engineering/consultant for remediation | 1 | ea. | 1500.00 | 1,500.00 | | 1,500.00 |

| BUILDING ESTIMATE | | | | | PAGE 4 |
|---|---|---|---|---|---|
| **Customer** | GERDA, VENTURA | | DATE OCTOBER 31, 2002 | | |
| **Address** | 826 W. SAMANO | | | | |
| **City/State** | EDINBURG, TEXAS | | | | |
| **DESCRIPTION** | QTY | UNIT MEAS | UNIT COST | DEP % | EXT | DEP | DAMAGE |

LIVING ROOM 23.5' X 16.5' X 8.0'

[ACTUAL FOOTAGES]

| | | | | | |
|---|---|---|---|---|---|
| WALL & CEILING | S.F. 1028 | | WALLS ONLY | S.F. 640 | |
| FLOOR / CEILING | S.F. 388 YDS. 43 | | BASE / CROWN | L.F. 80 | |

The following scope/work will be conducted within the containment area with the decontamination unit in place in accordance with federal, state and local laws.  (UNDER ABATEMENT PROCEDURE- UAP)

| DESCRIPTION | QTY | MEAS | COST | EXT | DAMAGE |
|---|---|---|---|---|---|
| Rem/clean/box/store fan & light UAP | 1 | Ea. | 52.50 | 52.50 | 52.50 |
| Rem/clean/box/store door UAP | 2 | Ea. | 16.50 | 33.00 | 33.00 |
| Rem/clean/box/store door hardware UAP | 2 | Ea. | 9.50 | 19.00 | 19.00 |
| Rem/clean/box/store threshold UAP | 1 | Ea. | 14.50 | 14.50 | 14.50 |
| Rem/clean/box/store drapes & rods UAP | 4 | Ea. | 22.50 | 90.00 | 90.00 |
| Demo insulation ceiling UAP | 48 | s.f. | 0.45 | 21.60 | 21.60 |
| Demo insulation walls UAP | 64 | s.f. | 0.45 | 28.80 | 28.80 |
| Demo plaster UAP | 112 | s.f. | 2.25 | 252.00 | 252.00 |
| Demo carpet UAP | 43 | Yds. | 6.50 | 279.50 | 279.50 |
| Demo pad UAP | 43 | Yds. | 2.00 | 86.00 | 86.00 |
| Demo tack strip UAP | 80 | l.f. | 0.90 | 72.00 | 72.00 |
| Acid clean & sanitize slab UAP | 388 | s.f. | 1.85 | 717.80 | 717.80 |
| Apply Microban X UAP | 1374 | s.f. | 0.75 | 1,030.50 | 1,030.50 |

The following scope will be conducted after the containment area has been dismantled and removed from the dwelling i.e: the microbial contamination has been remediated.  Clearance testing indicates negative contamination within affected area and dwelling.  (UNDER NORMAL CONDITIONS - UNC)

| DESCRIPTION | QTY | MEAS | COST | EXT | DAMAGE |
|---|---|---|---|---|---|
| Reinstall fan & light UNC | 1 | Ea. | 17.50 | 17.50 | 17.50 |
| Reinstall door UNC | 2 | Ea. | 10.50 | 21.00 | 21.00 |
| Reinstall door hardware UNC | 2 | Ea. | 5.50 | 11.00 | 11.00 |
| Reinstall threshold UNC | 1 | Ea. | 6.50 | 6.50 | 6.50 |
| Reinstall drapes & rods UNC | 4 | Ea. | 10.50 | 42.00 | 42.00 |
| Install insulation ceiling UNC | 48 | s.f. | 0.55 | 26.40 | 26.40 |
| Install insulation walls UNC | 64 | s.f. | 0.45 | 28.80 | 28.80 |
| Install plaster UNC | 223 | s.f. | 7.55 | 1,683.65 | 1,683.65 |
| Install carpet UNC | 43 | Yds. | 24.50 | 1,053.50 | 1,053.50 |
| Install pad UNC | 43 | Yds. | 2.95 | 126.85 | 126.85 |
| Install tack strip UNC | 80 | l.f. | 0.35 | 28.00 | 28.00 |
| Skimcoat w/c UNC | 986 | s.f. | 2.25 | 2,218.50 | 2,218.50 |
| Paint walls & ceiling UNC | 986 | s.f. | 0.41 | 404.26 | 404.26 |
| Paint/Finish built-in cabinet UNC | 4 | l.f. | 18.50 | 74.00 | 74.00 |
| Paint/Finish base UNC | 74 | l.f. | 0.50 | 37.00 | 37.00 |
| Paint/Finish door openings b/s UNC | 2 | Ea. | 15.00 | 30.00 | 30.00 |
| Paint/Finish door b/s UNC | 2 | Ea. | 24.00 | 48.00 | 48.00 |
| Paint/Finish window openings UNC | 4 | Ea. | 10.00 | 40.00 | 40.00 |
| Paint/Finish window sill UNC | 4 | Ea. | 4.50 | 18.00 | 18.00 |
| Apply Microban X UNC | 1374 | s.f. | 0.46 | 632.04 | 632.04 |

**TOTALS PAGE 4** $9,244.20 $9,244.20

| BUILDING ESTIMATE | | | | | | PAGE 7 | | |
|---|---|---|---|---|---|---|---|---|
| Customer | MERCA VERTURA | | | DATE OCTOBER 31, 2001 | | | | |
| Address | 323 W. SAMANO | | | | | | | |
| City/State | EDINBURG, TEXAS | | | | | | | |
| DESCRIPTION | QTY | UNIT MEAS | UNIT COST | DEP % | EXT | | DEP | DAMAGE |

The following scope will be conducted after the containment area has been dismantled and removed from the dwelling i.e: the microbial contamination has been remediated.  Clearance testing indicates negative contamination within affected area and dwelling.  (UNDER NORMAL CONDITIONS - UNC)

| DESCRIPTION | QTY | UNIT MEAS | UNIT COST | EXT | DAMAGE |
|---|---|---|---|---|---|
| Reinstall light UNC | 2 | Ea. | 10.50 | 21.00 | 21.00 |
| Reinstall door UNC | 3 | Ea. | 10.50 | 31.50 | 31.50 |
| Reinstall door hardware UNC | 3 | Ea. | 5.50 | 16.50 | 16.50 |
| Reinstall heat light vent UNC | 1 | Ea. | 18.50 | 18.50 | 18.50 |
| Reinstall mirror UNC | 1 | Ea. | 8.50 | 8.50 | 8.50 |
| Reinstall sink & faucet UNC | 1 | Ea. | 32.50 | 32.50 | 32.50 |
| Reinstall toilet UNC | 1 | Ea. | 48.50 | 48.50 | 48.50 |
| Reinstall tub UNC | 1 | Ea. | 140.00 | 140.00 | 140.00 |
| Reinstall tub valve UNC | 1 | Ea. | 32.50 | 32.50 | 32.50 |
| Reinstall shower valve UNC | 1 | Ea. | 32.50 | 32.50 | 32.50 |
| Reinstall shower curtain/rod UNC | 1 | Ea. | 8.00 | 8.00 | 8.00 |
| Reinstall drapes & rods UNC | 2 | Ea. | 10.50 | 21.00 | 21.00 |
| Reinstall closet rod & shelf UNC | 1 | Ea. | 3.25 | 3.25 | 3.25 |
| Reconnect Plumbing UNC | 1 | Ea. | 22.50 | 22.50 | 22.50 |
| Reinstall p-trap assembly UNC | 1 | Ea. | 22.50 | 22.50 | 22.50 |
| Install water heater UNC | 1 | Ea. | 74.00 | 74.00 | 74.00 |
| Install plaster UNC | 144 | s.f. | 7.55 | 1,087.20 | 1,087.20 |
| Install insulation walls UNC | 80 | s.f. | 0.45 | 36.00 | 36.00 |
| Install sheetrock UNC | 128 | s.f. | 0.95 | 121.60 | 121.60 |
| Install tile base UNC | 11 | l.f. | 3.25 | 35.75 | 35.75 |
| Install shoe UNC | 11 | l.f. | 0.45 | 4.95 | 4.95 |
| Install formica counter UNC | 3 | l.f. | 32.50 | 97.50 | 97.50 |
| Install lav. cabinet UNC | 3 | l.f. | 55.00 | 165.00 | 165.00 |
| Install wallpaper UNC | 2 | Rolls | 65.00 | 130.00 | 130.00 |
| Prep for wallpaper UNC | 58 | s.f. | 0.25 | 14.50 | 14.50 |
| Install ceiling tile UNC | 99 | s.f. | 2.05 | 202.95 | 202.95 |
| Install ceramic tile floor UNC | 34 | s.f. | 9.50 | 323.00 | 323.00 |
| Install shower tile UNC | 66 | s.f. | 6.50 | 429.00 | 429.00 |
| Install soap dish UNC | 1 | Ea. | 12.00 | 12.00 | 12.00 |
| Install deco trim UNC | 11 | l.f. | 4.25 | 46.75 | 46.75 |
| Install subfloor UNC | 55 | s.f. | 2.75 | 151.25 | 151.25 |
| Paint closet walls UNC | 68 | s.f. | 0.41 | 27.88 | 27.88 |
| Paint/Finish base UNC | 15 | l.f. | 0.50 | 7.50 | 7.50 |
| Paint/Finish door openings b/s UNC | 4 | Ea. | 15.00 | 60.00 | 60.00 |
| Paint/Finish door b/s UNC | 3 | Ea. | 24.00 | 72.00 | 72.00 |
| Paint/Finish window openings UNC | 2 | Ea. | 10.00 | 20.00 | 20.00 |
| Paint/Finish window sill UNC | 2 | Ea. | 4.50 | 9.00 | 9.00 |
| Paint/Finish make-up cabinet UNC | 7 | l.f. | 20.00 | 140.00 | 140.00 |
| Paint/Finish linen cabinet UNC | 4 | l.f. | 24.00 | 96.00 | 96.00 |
| Protect floor UNC | 60 | s.f. | 0.50 | 30.00 | 30.00 |
| Paint/Finish shelf UNC | 1 | Ea. | 3.50 | 3.50 | 3.50 |
| Apply Microban X UNC | 817 | s.f | 0.46 | 375.82 | 375.82 |

**TOTALS PAGE  7**                    $4,232.40            $4,232.4

BUILDING ESTIMATE                                                    PAGE  8

Customer        GERDA MENDIETA                    DATE  OCTOBER 31, 2002
Address         123 W. SAMANO
City/State      EDINBURG, TEXAS

| DESCRIPTION | QTY | UNIT MEAS | UNIT COST | DEP % | EXT | DEP | DAMAGE |
|---|---|---|---|---|---|---|---|

**NOOK**      14.5' X  9.5' X  8.0'

[ACTUAL FOOTAGES]

| | | | |
|---|---|---|---|
| WALL & CEILING | S.F.  522 | WALLS ONLY | S.F.  384 |
| FLOOR / CEILING | S.F.  138   YDS.  15 | BASE / CROWN | L.F.  48 |

The following scope/work will be conducted within the containment area with the decontamination unit in place in accordance with federal, state and local laws.  (UNDER ABATEMENT PROCEDURE- UAP)

| Description | Qty | Meas | Unit Cost | Ext | Damage |
|---|---|---|---|---|---|
| Rem/clean/box/store chandlier UAP | 1 | Ea. | 55.00 | 55.00 | 55.00 |
| Rem/clean/box/store door hardware UAP | 2 | Ea. | 9.50 | 19.00 | 19.00 |
| Rem/clean/box/store bi-fold door UAP | 2 | Ea. | 9.50 | 19.00 | 19.00 |
| Rem/clean/box/store door chimes UAP | 1 | Ea. | 16.50 | 16.50 | 16.50 |
| Apply Microban X UAP | 541 | s.f. | 0.75 | 405.75 | 405.75 |

The following scope will be conducted after the containment area has been dismantled and removed from the dwelling i.e: the microbial contamination has been remediated.  Clearance testing indicates negative contamination within affected area and dwelling.  (UNDER NORMAL CONDITIONS - UNC)

| Description | Qty | Meas | Unit Cost | Ext | Damage |
|---|---|---|---|---|---|
| Reinstall chandlier UNC | 1 | Ea. | 38.00 | 38.00 | 38.00 |
| Reinstall door hardware UNC | 2 | Ea. | 5.50 | 11.00 | 11.00 |
| Reinstall bi-fold door UNC | 2 | Ea. | 10.50 | 21.00 | 21.00 |
| Reinstall door chimes UNC | 1 | Ea. | 5.50 | 5.50 | 5.50 |
| Paint walls & ceiling UNC | 403 | s.f. | 0.41 | 165.23 | 165.23 |
| Paint/Finish built-in cabinet UNC | 4 | l.f. | 18.50 | 74.00 | 74.00 |
| Paint/Finish base UNC | 31 | l.f. | 0.50 | 15.50 | 15.50 |
| Paint/Finish door openings b/s UNC | 2 | Ea. | 15.00 | 30.00 | 30.00 |
| Paint/Finish door b/s UNC | 2 | Ea. | 24.00 | 48.00 | 48.00 |
| Paint/Finish shelf UNC | 4 | Ea. | 3.50 | 14.00 | 14.00 |
| Protect floor UNC | 138 | s.f. | 0.50 | 69.00 | 69.00 |
| Apply Microban X UNC | 541 | s.f. | 0.46 | 248.86 | 248.86 |

**KITCHEN**      8.5' X  10.5' X  8.0'

[ACTUAL FOOTAGES]

| | | | |
|---|---|---|---|
| WALL & CEILING | S.F.  393 | WALLS ONLY | S.F.  304 |
| FLOOR / CEILING | S.F.  89   YDS.  10 | BASE / CROWN | L.F.  38 |

The following scope/work will be conducted within the containment area with the decontamination unit in place in accordance with federal, state and local laws.  (UNDER ABATEMENT PROCEDURE- UAP)

| Description | Qty | Meas | Unit Cost | Ext | Damage |
|---|---|---|---|---|---|
| Rem/clean/box/store light UAP | 1 | Ea. | 14.50 | 14.50 | 14.50 |
| Rem/clean/box/store stove UAP | 1 | Ea. | 55.00 | 55.00 | 55.00 |
| Rem/clean/box/store sink & faucet UAP | 1 | Ea. | 42.50 | 42.50 | 42.50 |
| Rem/clean/box/store drapes & rods UAP | 1 | Ea. | 22.50 | 22.50 | 22.50 |
| Demo insulation ceiling UAP | 89 | s.f. | 0.45 | 40.05 | 40.05 |
| Demo insulation walls UAP | 32 | s.f. | 0.45 | 14.40 | 14.40 |

BUILDING ESTIMATE          PAGE  

| Customer | CERDA, VENURA | DATE OCTOBER 31, 2002 |
| Address | 323 W. SAMANO | |
| City/State | EDINBURG, TEXAS | |

| DESCRIPTION | QTY | UNIT MEAS | UNIT COST | DEP % | EXT | DEP | DAMAGE |
|---|---|---|---|---|---|---|---|
| Demo plaster UAP | 32 | s.f. | 2.25 | | 72.00 | | 72.00 |
| Demo cabinet base UAP | 10.5 | l.f. | 45.50 | | 477.75 | | 477.75 |
| Demo cabinet upper UAP | 10.5 | l.f. | 40.00 | | 420.00 | | 420.00 |
| Demo ceramic tile counter UAP | 16 | s.f. | 25.50 | | 408.00 | | 408.00 |
| Demo window trim UAP | 1 | Ea. | 15.50 | | 15.50 | | 15.50 |
| Demo window sill UAP | 1 | EA. | 7.50 | | 7.50 | | 7.50 |
| Demo ceiling tile UAP | 89 | s.f. | 1.65 | | 146.85 | | 146.85 |
| Demo vinyl sheet goods UAP | 8 | Yds. | 22.50 | | 180.00 | | 180.00 |
| Demo subfloor UAP | 32 | s.f. | 5.50 | | 176.00 | | 176.00 |
| Acid clean & sanitize slab UAP | 89 | s.f. | 1.85 | | 164.65 | | 164.65 |
| Apply Microban X UAP | 398 | s.f. | 0.75 | | 298.50 | | 298.50 |

**The following scope will be conducted after the containment area has been dismantled and removed from the dwelling i.e: the microbial contamination has been remediated. Clearance testing indicates negative contamination within affected area and dwelling. (UNDER NORMAL CONDITIONS - UNC)**

| DESCRIPTION | QTY | UNIT MEAS | UNIT COST | DEP % | EXT | DEP | DAMAGE |
|---|---|---|---|---|---|---|---|
| Reinstall light UNC | 1 | Ea. | 10.50 | | 10.50 | | 10.50 |
| Reinstall stove UNC | 1 | Ea. | 22.50 | | 22.50 | | 22.50 |
| Reinstall sink & faucet UNC | 1 | Ea. | 32.50 | | 32.50 | | 32.50 |
| Reinstall drapes & rods UNC | 1 | Ea. | 10.50 | | 10.50 | | 10.50 |
| Reconnect elec. UNC | 1 | Ea. | 60.00 | | 60.00 | | 60.00 |
| Reconnect Plumbing UNC | 1 | Ea. | 22.50 | | 22.50 | | 22.50 |
| Install insulation ceiling UNC | 89 | s.f. | 0.55 | | 48.95 | | 48.95 |
| Install insulation walls UNC | 32 | s.f. | 0.45 | | 14.40 | | 14.40 |
| Install plaster UNC | 32 | s.f. | 7.55 | | 241.60 | | 241.60 |
| Install cabinet base UNC | 10.5 | l.f. | 75.00 | | 787.50 | | 787.50 |
| Install cabinet upper UNC | 10.5 | l.f. | 65.00 | | 682.50 | | 682.50 |
| Install window trim UNC | 1 | Ea. | 18.50 | | 18.50 | | 18.50 |
| Install window sill UNC | 1 | Ea. | 16.50 | | 16.50 | | 16.50 |
| Install ceramic tile counter UNC | 16 | s.f. | 16.50 | | 264.00 | | 264.00 |
| Install vinyl sheet goods UNC | 8 | Yds. | 30.50 | | 244.00 | | 244.00 |
| Install ceiling tile UNC | 89 | s.f. | 2.05 | | 182.45 | | 182.45 |
| Install subfloor UNC | 32 | s.f. | 2.75 | | 88.00 | | 88.00 |
| Paint walls UNC | 220 | s.f. | 0.41 | | 90.20 | | 90.20 |
| Paint/Finish base UNC | 15 | l.f. | 0.50 | | 7.50 | | 7.50 |
| Paint/Finish window openings UNC | 1 | Ea. | 10.00 | | 10.00 | | 10.00 |
| Paint/Finish window sill UNC | 1 | Ea. | 4.50 | | 4.50 | | 4.50 |
| Paint/Finish base cabinet UNC | 10.5 | l.f. | 17.00 | | 178.50 | | 178.50 |
| Paint/Finish upper cabinet UNC | 10.5 | l.f. | 15.00 | | 157.50 | | 157.50 |
| Apply Microban X UNC | 398 | s.f. | 0.46 | | 183.08 | | 183.08 |

| BUILDING ESTIMATE | | | | | PAGE 10 | |
|---|---|---|---|---|---|---|
| Customer | CERDA VENTURA | | | DATE OCTOBER 31, 2002 | | |
| Address | 324 W. SAMANO | | | | | |
| City/State | EDINBURG, TEXAS | | | | | |
| DESCRIPTION | QTY | UNIT MEAS | UNIT COST | DEP % | EXT | DEP | DAMAGE |

UTILITY ROOM:                                5.5' X  16.5' X  8.0'

[ACTUAL FOOTAGES]

| | | | | | |
|---|---|---|---|---|---|
| WALL & CEILING | S.F.  443 | | WALLS ONLY | S.F.  352 | |
| FLOOR / CEILING | S.F.  91  YDS.  10 | | BASE / CROWN | L.F.  44 | |

The following scope/work will be conducted within the containment area with the decontamination unit
in place in accordance with federal, state and local laws.  (UNDER ABATEMENT PROCEDURE- UAP)

| Description | QTY | MEAS | UNIT COST | EXT | DAMAGE |
|---|---|---|---|---|---|
| Rem/clean/box/store light UAP | 1 | Ea. | 14.50 | 14.50 | 14.50 |
| Rem/clean/box/store/window unit UAP | 1 | Ea. | 95.00 | 95.00 | 95.00 |
| Rem/clean/box/store door UAP | 1 | Ea. | 16.50 | 16.50 | 16.50 |
| Rem/clean/box/store door hardware UAP | 1 | Ea. | 9.50 | 9.50 | 9.50 |
| Rem/clean/box/store threshold UAP | 1 | Ea. | 14.50 | 14.50 | 14.50 |
| Rem/clean/box/store drapes & rods UAP | 2 | Ea. | 22.50 | 45.00 | 45.00 |
| Demo insulation ceiling UAP | 91 | s.f. | 0.45 | 40.95 | 40.95 |
| Demo vinyl sheet goods UAP | 10 | Yds. | 22.50 | 225.00 | 225.00 |
| Demo ceiling tile UAP | 91 | s.f. | 1.65 | 150.15 | 150.15 |
| Acid clean & sanitize slab UAP | 91 | s.f. | 1.85 | 168.35 | 168.35 |
| Apply Microban X UAP | 429 | s.f. | 0.75 | 321.75 | 321.75 |

The following scope will be conducted after the containment area has been dismantled and removed from
the dwelling i.e: the microbial contamination has been remediated.  Clearance testing indicates negative
contamination within affected area and dwelling.  (UNDER NORMAL CONDITIONS - UNC)

| Description | QTY | MEAS | UNIT COST | EXT | DAMAGE |
|---|---|---|---|---|---|
| Reinstall light UNC | 1 | Ea. | 10.50 | 10.50 | 10.50 |
| Reinstall window unit UNC | 1 | Ea. | 27.50 | 27.50 | 27.50 |
| Reinstall door UNC | 1 | Ea. | 10.50 | 10.50 | 10.50 |
| Reinstall door hardware UNC | 1 | Ea. | 5.50 | 5.50 | 5.50 |
| Reinstall threshold UNC | 1 | Ea. | 6.50 | 6.50 | 6.50 |
| Reinstall drapes & rods UNC | 2 | Ea. | 10.50 | 21.00 | 21.00 |
| Install insulation ceiling UNC | 91 | s.f. | 0.55 | 50.05 | 50.05 |
| Install vinyl sheet goods UNC | 10 | Yds. | 30.50 | 305.00 | 305.00 |
| Install ceiling tile UNC | 91 | s.f. | 2.05 | 186.55 | 186.55 |
| Paint walls UNC | 247 | s.f. | 0.41 | 101.27 | 101.27 |
| Paint/Finish base UNC | 29 | l.f. | 0.50 | 14.50 | 14.50 |
| Paint/Finish door openings b/s UNC | 1 | Ea. | 15.00 | 15.00 | 15.00 |
| Paint/Finish door b/s UNC | 1 | Ea. | 24.00 | 24.00 | 24.00 |
| Paint/Finish window openings UNC | 2 | Ea. | 10.00 | 20.00 | 20.00 |
| Paint/Finish window sill UNC | 2 | Ea. | 4.50 | 9.00 | 9.00 |
| Apply Microban X UNC | 429 | s.f. | 0.46 | 197.34 | 197.34 |

| BUILDING ESTIMATE | | | | | | PAGE 11 |
|---|---|---|---|---|---|---|
| Customer | GERDA VENTURA | | | DATE OCTOBER 30, 2002 | | |
| Address | 321 W. SAMANO | | | | | |
| City/State | EDINBURG, TEXAS | | | | | |

| DESCRIPTION | QTY | UNIT MEAS | UNIT COST | DEP % | EXT | DEP | DAMAGE |
|---|---|---|---|---|---|---|---|
| HALLWAY: | 4.0' X  7.5' X  8.0' | | | | | | |
| LINEN CLOSET | 2.5' X  2.0' X  8.0' | | | | | | |
| | | | | | | | |
| [ACTUAL FOOTAGES] | | | | | | | |
| WALL & CEILING | S.F.  291 | | | | WALLS ONLY | S.F.  256 | |
| FLOOR / CEILING | S.F.  35  YDS.  4 | | | | BASE / CROWN | L.F.  32 | |

The following scope/work will be conducted within the containment area with the decontamination unit in place in accordance with federal, state and local laws.  (UNDER ABATEMENT PROCEDURE- UAP)

| DESCRIPTION | QTY | UNIT MEAS | UNIT COST | DEP % | EXT | DEP | DAMAGE |
|---|---|---|---|---|---|---|---|
| Rem/clean/box/store door UAP | 2 | Ea. | 16.50 | | 33.00 | | 33.00 |
| Rem/clean/box/store door hardware UAP | 2 | Ea. | 9.50 | | 19.00 | | 19.00 |
| Acid clean & sanitize slab UAP | 35 | s.f. | 1.85 | | 64.75 | | 64.75 |
| Apply Microban X UAP | 277 | s.f. | 0.75 | | 207.75 | | 207.75 |

The following scope will be conducted after the containment area has been dismantled and removed from the dwelling i.e: the microbial contamination has been remediated.  Clearance testing indicates negative contamination within affected area and dwelling.  (UNDER NORMAL CONDITIONS - UNC)

| DESCRIPTION | QTY | UNIT MEAS | UNIT COST | DEP % | EXT | DEP | DAMAGE |
|---|---|---|---|---|---|---|---|
| Reinstall door UNC | 2 | Ea. | 10.50 | | 21.00 | | 21.00 |
| Reinstall door hardware UNC | 2 | Ea. | 5.50 | | 11.00 | | 11.00 |
| Paint ceiling only UNC | 35 | s.f. | 0.41 | | 14.35 | | 14.35 |
| Paint walls UNC | 207 | s.f. | 0.41 | | 84.87 | | 84.87 |
| Paint/Finish built-in cabinet UNC | 4 | l.f. | 18.50 | | 74.00 | | 74.00 |
| Paint/Finish base UNC | 20 | l.f. | 0.50 | | 10.00 | | 10.00 |
| Paint/Finish door openings b/s UNC | 2 | Ea. | 15.00 | | 30.00 | | 30.00 |
| Paint/Finish door b/s UNC | 2 | Ea. | 24.00 | | 48.00 | | 48.00 |
| Paint/Finish shelf UNC | 4 | Ea. | 3.50 | | 14.00 | | 14.00 |
| Protect floor UNC | 35 | s.f. | 0.50 | | 17.50 | | 17.50 |
| Apply Microban X UNC | 277 | s.f. | 0.46 | | 127.42 | | 127.42 |

| DESCRIPTION | QTY | UNIT MEAS | UNIT COST | DEP % | EXT | DEP | DAMAGE |
|---|---|---|---|---|---|---|---|
| MASTER BEDROOM | 17.5' X  14.0' X  8.0' | | | | | | |
| PLUS | 4.5' X  4.5' X  8.0' | | | | | | |
| CLOSET: | 4.0' X  4.0' X  8.0' | | | | | | |
| CLOSET | 2.5' X  4.0' X  8.0' | | | | | | |
| | | | | | | | |
| [ACTUAL FOOTAGES] | | | | | | | |
| WALL & CEILING | S.F.  1171 | | | | WALLS ONLY | S.F.  880 | |
| FLOOR / CEILING | S.F.  291  YDS.  32 | | | | BASE / CROWN | L.F.  110 | |

The following scope/work will be conducted within the containment area with the decontamination unit in place in accordance with federal, state and local laws.  (UNDER ABATEMENT PROCEDURE- UAP)

| DESCRIPTION | QTY | UNIT MEAS | UNIT COST | DEP % | EXT | DEP | DAMAGE |
|---|---|---|---|---|---|---|---|
| Rem/clean/box/store light UAP | 1 | Ea. | 14.50 | | 14.50 | | 14.50 |
| Rem/clean/box/store fan & light UAP | 1 | Ea. | 52.50 | | 52.50 | | 52.50 |
| Rem/clean/box/store door UAP | 2 | Ea. | 16.50 | | 33.00 | | 33.00 |

BUILDING ESTIMATE                                                        PAGE  12

| Customer | CEECA VENTURA | | DATE OCTOBER 31, 2002 | | |
| Address | 320 W. SAMANO | | | | |
| City/State | EDINBURG TEXAS | | | | |

| DESCRIPTION | QTY | UNIT MEAS | UNT COST | DEP % | EXT | DEP | DAMAGE |
|---|---|---|---|---|---|---|---|
| Rem/clean/box/store door hardware UAP | 2 | Ea. | 9.50 | | 19.00 | | 19.00 |
| Rem/clean/box/store drapes & rods UAP | 4 | Ea. | 22.50 | | 90.00 | | 90.00 |
| Rem/clean/box/store shutters UAP | 2 | Ea. | 15.50 | | 31.00 | | 31.00 |
| Rem/clean/box/store closet rod/shelf UAP | 2 | Ea. | 5.50 | | 11.00 | | 11.00 |
| Demo insulation ceiling UAP | 291 | s.f. | 0.45 | | 130.95 | | 130.95 |
| Demo sheetrock UAP | 48 | s.f. | 2.25 | | 108.00 | | 108.00 |
| Demo base UAP | 14 | l.f. | 0.65 | | 9.10 | | 9.10 |
| Demo ceiling tile UAP | 291 | s.f. | 1.65 | | 480.15 | | 480.15 |
| Apply Microban X UAP | 1357 | s.f. | 0.75 | | 1,017.75 | | 1,017.75 |

**The following scope will be conducted after the containment area has been dismantled and removed from the dwelling i.e: the microbial contamination has been remediated.  Clearance testing indicates negative contamination within affected area and dwelling.   (UNDER NORMAL CONDITIONS - UNC)**

| DESCRIPTION | QTY | UNIT MEAS | UNT COST | DEP % | EXT | DEP | DAMAGE |
|---|---|---|---|---|---|---|---|
| Reinstall light UNC | 1 | Ea. | 10.50 | | 10.50 | | 10.50 |
| Reinstall fan & light UNC | 1 | Ea. | 17.50 | | 17.50 | | 17.50 |
| Reinstall door UNC | 2 | Ea. | 10.50 | | 21.00 | | 21.00 |
| Reinstall door hardware UNC | 2 | Ea. | 5.50 | | 11.00 | | 11.00 |
| Reinstall drapes & rods UNC | 4 | Ea. | 10.50 | | 42.00 | | 42.00 |
| Reinstall shutters UNC | 2 | Ea. | 6.50 | | 13.00 | | 13.00 |
| Reinstall closet rod & shelf UNC | 2 | Ea. | 3.25 | | 6.50 | | 6.50 |
| Install insulation ceiling UNC | 291 | s.f. | 0.55 | | 160.05 | | 160.05 |
| Install sheetrock UNC | 48 | s.f. | 0.95 | | 45.60 | | 45.60 |
| Install base UNC | 14 | l.f. | 0.85 | | 11.90 | | 11.90 |
| Install ceiling tile UNC | 291 | s.f. | 2.05 | | 596.55 | | 596.55 |
| Paint walls UNC | 775 | s.f. | 0.41 | | 317.75 | | 317.75 |
| Paint/Finish base UNC | 95 | l.f. | 0.50 | | 47.50 | | 47.50 |
| Paint/Finish shutters UNC | 2 | ea. | 18.00 | | 36.00 | | 36.00 |
| Paint/Finish door openings b/s UNC | 2 | Ea. | 15.00 | | 30.00 | | 30.00 |
| Paint/Finish door b/s UNC | 2 | Ea. | 24.00 | | 48.00 | | 48.00 |
| Paint/Finish window openings UNC | 4 | Ea. | 10.00 | | 40.00 | | 40.00 |
| Paint/Finish window sill UNC | 4 | Ea. | 4.50 | | 18.00 | | 18.00 |
| Paint/Finish shelf UNC | 2 | Ea. | 3.50 | | 7.00 | | 7.00 |
| Apply Microban X UNC | 1357 | s.f. | 0.46 | | 624.22 | | 624.22 |

**BUILDING ESTIMATE**                                                           **SUMMARY**

Customer:     GERDA VENTURA                          DATE OCTOBER 31, 2002
Address:      323 W. SAMANO
City/State:   EDINBURG, TEXAS

| | | | DEP % | EXT | DEP | DAMAGE |
|---|---|---|---|---|---|---|
| Total | Page | 1 | | $7,669.00 | | $7,669.00 |
| Total | Page | 2 | | 16,850.15 | | 16,850.15 |
| Total | Page | 3 | | 12,760.45 | | 12,760.45 |
| Total | Page | 4 | | 9,244.20 | | 9,244.20 |
| Total | Page | 5 | | 2,428.98 | | 2,428.98 |
| Total | Page | 6 | | 3,148.75 | | 3,148.75 |
| Total | Page | 7 | | 4,232.40 | | 4,232.40 |
| Total | Page | 8 | | 1,444.29 | | 1,444.29 |
| Total | Page | 9 | | 5,744.93 | | 5,744.93 |
| Total | Page | 10 | | 2,105.41 | | 2,105.41 |
| Total | Page | 11 | | 876.64 | | 876.64 |
| Total | Page | 12 | | 4,001.02 | | 4,001.02 |
| Total | Page | 13 | | 17,800.00 | | 17,800.00 |

| | | | | |
|---|---|---|---|---|
| **TOTAL ALL PAGES** | | 88,306.22 | | 88,306.2 |
| Material Tax | | 2511.21 | | 2511.2 |
| Overhead & Profit | 21% | 18,544.31 | | 18,544.3 |
| Total | | $109,361.74 | | $109,361.7 |

**Savannah Robinson**
LAW OFFICE of S. ROBINSON
1810 Main Street
Danbury, TX  77534
(979) 922-8825
FAX: (979) 922-8857

Education
1974 – H.S. diploma, A&M Consolidated High School, College Station, Texas
1979 – B.A. degree, Rice University, Houston, Texas (major: Architecture)
1981 – J.D. degree, University of Texas Law School, Austin, Texas

Work History
- Texas Department of Water Resources
- Smith, R, R and R, Corsicana, Texas
- White, Huseman, Pletcher and Powers, Corpus Christi, Texas
- George Ann Harpole, P.C., Corpus Christi, Texas
- Soules and Wallace, LLP, Corpus Christi, Texas
- Law Office of S. Robinson, Corpus Christi, Texas
- Whittle, Cox & Robinson, Corpus Christi, Texas
- Cox & Robinson, Corpus Christi, Texas
- Law Office of S. Robinson, Corpus Christi, Texas
- Law Office of S. Robinson, Danbury, Texas
- Law Office of S. Robinson, McAllen, Texas

Licensed
State Bar of Texas, #17108150 (1981)
Southern District of Texas #5922 (1986)
Western District of Texas (1989)
Northern District of Texas (2000)
Western District of Michigan (1995)
5th Circuit Court of Appeals (1990)



# Law Office of Savannah Robinson



Contact Information:
  Savannah Lina Robinson, Esq.
  1810 Main Street
  Danbury, TX 77534
  (979) 922-8825 (office)
  (979) 922-8857 (fax)
  SavannahRobinson@aol.com

About me:
  Meet Savannah
  About my law practice
  A few words on the ethics of law
Common Questions:
  Who needs a lawyer?
  What does a lawyer cost?
The Help Pages:
  *Help Pages* disclaimer
  Mold problems
  Foundation issues
  Discrimination
  Bad Faith

**Member:**

- Texas Bar Association
  Texas Trial Lawyers Association
  Texas Women Lawyers' Association

- American Bar Association (ABA)

Texas Bar Assn - Member # 17108150
  Federal Bar Assn - ID #5922

**Licensed to practice in:**

- State of Texas
  Texas Bar Association
  Federal District Courts for the Southern District
  Federal District Courts for the Northern District
  Federal District Courts for the Western District

- 5th Circuit Court of Appeals
- State of Michigan
  Federal District Courts for the Western District of Michigan

Home            Quotes            Musings            Photos            Links

Not certified by the Texas Board of Legal Specialization

You are visitor number ▮▮▮▮▮▮▮ since January 1, 2001