IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

United States District Court
Southern District of Texas
FILED
DEC 03 2002
Michael N. Milby, Clerk

| | | |
|---|---|---|
| Ventura Cerda and Celia Cerda | § | CIVIL ACTION NO. M-02-118 |
| | § | |
| | § | |
| vs. | § | |
| | § | |
| Hartford Lloyds Insurance Company | § | JURY REQUESTED |

**PLAINTIFF'S RESPONSE TO MOTION TO EXCLUDE EXPERT, PETER DELAMORA, AND STRIKE SUPPLEMENTAL DISCLOSURES**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Ventura and Celia Cerda, Plaintiffs herein and make this their Response to the Motion of Defendant to Exclude Plaintiff's expert, Peter DelaMora, and Strike Supplemental Disclosures, and would show as follows:

## I.
## SUMMARY

- Plaintiffs have a duty to supplement.

- Plaintiff's supplementation was in accordance with their duty to supplement.

- Whether or not the Court ultimately decides that the designation of additional experts and supplementation of additional experts reports should be stricken, there is no need to strike discovery, which is not filed with the court, and which is in accordance with the duty to timely supplement.

## II.
## BACKGROUND

1. Plaintiffs filed their initial disclosures in advance of the applicable deadline. In those disclosures, they identified experts who were retained to assist in the evaluation of the claims. However, those experts have been designated by other plaintiffs in other

-1-

cases, and are unavailable to make prompt reports, or to be deposed by Defendant, despite the exercise of due diligence.

2. As soon as this became apparent, Plaintiffs retained additional experts, and promptly supplemented their discovery, including the resumee of the new experts. This was intended to eliminate the bottleneck of the experts, and advance the case as quickly a possible.

3. It is unknown whether the original experts could provide reports in a timely fashion. It is anticipated that the alternative experts would be able to provide timely reports.

## III.
## ARGUMENT AND AUTHORITIES

4. The Federal Rules of Civil Procedure impose an affirmative duty on all parties to timely supplement matters reported in discovery which have changed. FRCP $26(e)$

5. Plaintiffs did so as soon as it became apparent that it was needed.

6. The Federal rules of civil procedure require the production of experts reports whenever it is reasonably possible to do so, upon deadlines to be set by the Court. However, it is not always possible to produce reports, despite the exercise of diligence. Allowing late filed reports to be used as evidence is within the discretion of the Court. Accordingly the Courts have a four part test to determine when latitude should be given to a party who is unable to meet the designation deadlines. <u>Metro Ford Truck Sales Inc. v. Ford Motor Co.</u>, 145 F 3d 320 (5th Cir) 1998, reiterates a four part test for the discretionary permission for late filed reports. The test is: 1) explanation for delay; 2)

importance of the testimony; 3) potential prejudice in permitting the testimony; and 4) availability of continuance to avoid prejudice.

4. Plaintiffs designated Peter Dela Mora as an expert with knowledge of relevant facts as soon as was reasonably possible, and actually before the payment of a retainer.

5. Mr. DelaMora is an engineer, designated to testify concerning the extent and need to repair water damage and mold growth. No report has been provided, altho one is expected imminently.

6. To prepare a report requires some time because the house must be inspected, if appropriate samples must be taken and submitted to a laboratory for identification. The processing of the samples, if a culture is needed to completely identify the organisms, can take several weeks.

7. The second part of the test is the importance of the testimony. The testimony of this expert is essential. Without expert testimony, plaintiffs cannot put on a case at trial. The law does not operate without facts. It is essential to the Plaintiffs' case that this witness present his testimony. The argument that the information to be reported may not be relevant is insincere. The existence of damage, extent of damage, and repairs required are central issues to this case.

8. The third part of the test is the potential prejudice in permitting the testimony[1]. In discussions of this requirement, the Courts seem to focus on whether the testimony being late is prejudicial, rather than whether the testimony itself is prejudicial. As such, the testimony is no more prejudicial than what would be elicited on cross-examination. The

---

[1] This test has also been phrased as, whether the late filing is "harmless". See: Data Race, Inc. v. Lucent Technologies, 73 F. Supp. 2nd 668 (W.D. TX 1999).

fact that the witness did not provide a separate report, does not make the testimony any more or less prejudicial to the Defendant.

9. However, it is anticipated that the final conclusions of these experts will be proof of the Plaintiff's contentions, and hence necessarily prejudicial. If, at that time, the Defendant finds that the timing of the reports causes prejudice, then there are other methods besides exclusion to address that problem.

10. Defendant hasn't alleged prejudice. Plaintiff designated the expert as soon as reasonably possible. Thus, the lateness of the filing of the expert reports would appear, based on objective manifestations, to have caused no harm or prejudice.

11. The availability of continuance to avoid prejudice is the fourth part of the test. Although Defendant has filed a motion to extend deadlines, Defendant hasn't filed a motion for continuance to allow them to respond to the Plaintiff's experts' findings. The Motion was not ruled upon prior to the expiration of the deadline for the filing of dispositive motions.

12. Therefore, the four part test has been met, and the Plaintiff's expert should be allowed, within the discretion of the Court, to testify for both the purposes of the summary judgment and at trial.

### III.

### ALTERNATIVE MOTION TO EXTEND DEADLINES

13. Alternatively, Plaintiffs move for an extension of the deadline for the filing of experts reports. As argued above, the experts' testimony at trial is essential. The best interests of justice favor permitting the true facts to be introduced at trial. Plaintiffs' experts, despite the disclosure of the substance of the testimon, have been unable to

submit a report. Accordingly, it best serves the interest of justice, and judicial economy, for the deadline to file experts reports to be extended.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request that the Motion of Defendant be denied.

Respectfully Submitted,

*Savannah Robinson*
Savannah Robinson
ATTORNEY IN CHARGE
FOR PLAINTIFF
SBN: 17108150
Fed. ID: 5922
1810 Main
Danbury, TX 77534
(979) 922-8825
Fax: 979-922-8857

## CERTIFICATE OF SERVICE

I hereby certify that a true, complete and correct copy of the attached and foregoing was this day served by certified mail, return receipt requested, pursuant to the Federal Rules of Civil Procedure, on the following persons, on this the ___3___ day of ___Dec___, 2002.

F. Edward Barker
Barker, Leon, Fancher & Matthys
Tower II, Suite 1200
555 N. Carancahua
Corpus Christi, TX 78478
FAX: 361-882-9437

*Savannah Robinson*
Savannah Robinson

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| Ventura Cerda and Celia Cerda | § § § | CIVIL ACTION NO. M-02-118 |
| vs. | § § § | |
| Hartford Lloyds Insurance Company | § | JURY REQUESTED |

## ORDER DENYING MOTION TO STRIKE EXPERT, PETER DELA MORA

BE IT REMEMBERED, that on the _____ day of _____, 2001, came to be heard the Motion of Defendant to Exclude the Plaintiff's expert, Peter DelaMora, and Strike discovery supplementation, and the Court having examined the pleadings, and hearing the testimony of the witnesses, and concluding that the motion should be denied.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Motion is denied.

SIGNED on this the _____ day of _____, 2002, in McAllen, Texas.

_____
Hon. Ricardo Hinojosa
JUDGE PRESIDING